IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. YOUNG, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:04-cv-673 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| CITY OF COLUMBUS, *et al.*, | : | Magistrate Judge King |
| | : | |
| Defendants. | : | |
| | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter comes before the Court on the following motions: (1) Motion f or Summary Judgement by Defendants City of Columbus (the "City") and Sergeant Stan Latta ("Sgt. Latta"), (collectively, "City Defendants"); and (2) Motion for Summary Judgement by Defendants Franklin County Prosecutor Ron O'Brien ("Pros. O'Brien") and former Franklin County Assistant Prosecutor Stephanie Gussler ("Pros. Gussler"), (collectively, "County Defendants"). For the reasons set forth herein, the Court **GRANTS** Defendants City's and Sgt. Latta's Motion for Summary Judgment and **GRANTS** Defendants Pros. O'Brien's and Pros. Gussler's Motion for Summary Judgment.

### II. STATEMENT OF FACTS

#### A. Background

In this 42 U.S.C. § 1983 action, Plaintiff William E. Young ("Plaintiff") alleges that Defendants Sgt. Latta, the City, Pros. O'Brien, and Pros. Gussler (collectively, "Defendants")

violated his Fourth and Fourteenth Amendment Rights. In addition, Plaintiff alleges state law claims of theft, tampering with evidence, perjury, defamation of character, liable, slander, and intentional infliction of emotional distress. The facts giving rise to the allegations are set forth below:

### 1. The Search

On October 25, 1999, Plaintiff was convicted of Menacing by Stalking in Delaware Municipal Court for, among other actions, sending a series of disparaging letters to members of the Shamansky family. Plaintiff was placed on probation for one year and ordered to stay away from the Shamansky family. On April 10, 2002, Cathryn Baehr ("Det. Baehr"), a detective for the Columbus Division of Police, began an investigation into new allegations that Plaintiff had been sending harassing emails to the Shamanskys under the screen name, "Boogieeman" (boogieeman@aol.com). It was also reported that Plaintiff went to Mr. Shamansky's business and posted embarrassing deposition testimony from Mr. Shamansky's wife, relating to a previous lawsuit wherein she purportedly admitted to having worked as an escort. Several of the Shamansky's neighbors also reported receiving a copy of the deposition testimony in the mail.

In August 2002, America On Line (AOL) confirmed with Det. Baehr that the screen name "Boogieeman" was registered to Plaintiff. Based on this information, along with the victims' reports, Judge Janet Grubb of the Franklin County Municipal Court issued a warrant to search Plaintiff's residence for evidence of stalking.

On August 27, 2002, when Plaintiff was not present, several detectives, including Sgt. Latta, executed the search warrant in Plaintiff's apartment. The detectives seized, photographed, and turned in as evidence several items found inside Plaintiff's residence. Plaintiff alleges that

during the search, Sgt. Latta planted evidence – "specifically, but not limited to, an illegal substance (marijuana)" – in his residence. Plaintiff acknowledges that he did have marijuana in his apartment, just not the amount that was seized (102.5 grams). Because it could not be proven that it was Plaintiff's marijuana at the time, no charges pertaining to the marijuana were filed.

Plaintiff also alleges that Sgt. Latta then went outside the scope of the warrant and took items unrelated to the investigation – items that were "vital to Plaintiff's existence." These items allegedly include Plaintiff's federal tax wage earning statements for the years 2000 and 2001, and Plaintiff's purported evidence of police misconduct and gross dereliction of duty relating to a civil suit that was pending against Delaware Officers for allegedly helping Ms. Shamansky cover up her past involvement in prostitution.

On October 30, 2002, Det. Baehr filed a criminal charge against Plaintiff for Menacing by Stalking, to which Plaintiff entered a guilty plea on January 8, 2003.

## 2. The Forfeiture

Following Plaintiff's conviction, on August 18, 2003, former Franklin County Assistant Prosecuting Attorney Gussler petitioned the Franklin County Court of Common Pleas for forfeiture of Plaintiff's computer, which had been seized during the August 27, 2002 search. Plaintiff claims that Pros. Gussler, acting on behalf of Franklin County Prosecutor O'Brien, did not notify him of the forfeiture petition, and deliberately fabricated evidence to have Plaintiff perceived as a drug dealer by proclaiming Plaintiff purchased the computer with proceeds from drug dealing instead of with inheritance money.

On September 4, 2003, Judge Reece issued an Entry of Default Judgment and Disbursal, granting the petition. Soon thereafter, Assistant City Attorney Kelly Castle moved for disposal

of the remaining seized items, and Judge Liston of the Franklin County Municipal Court also issued an Entry authorizing disposal of the remaining seized items.

Plaintiff claims that he went to the property room on June 1, 2003 in an attempt to retrieve his property and was told he must first have Det. Baehr sign a release form. Plaintiff claims he sent a certified letter with return receipt requested with his current address and phone number to Det. Baehr requesting her to fill out the release form; Plaintiff has not produced this receipt in the record. Plaintiff alleges that Det. Baehr received the letter but ignored Plaintiff's request. Plaintiff, unaware of the forfeiture hearing and its outcome, sent Pros. Gussler a letter by regular mail on December 8, 2003, requesting the return of his property; Plaintiff has not produced this letter in the record. Sometime after January 1, 2004, Plaintiff received a copy of the judgment of the forfeiture hearing, and learned that the property had been sold at a police auction held on December 20, 2003.

### 3. The Internal Investigation

On January 8, 2004, Plaintiff submitted a complaint with the Internal Affairs Bureau of the Columbus Division of Police regarding the alleged illegal seizure and subsequent destruction of Plaintiff's property. The complaint was assigned to Sergeant Chantay Boxill ("Sgt. Boxill"). Plaintiff claims Sgt. Boxill refused to investigate Plaintiff's complaint and instead altered the allegation in the complaint to state that Sgt. Latta "mishandled" Plaintiff's property. According to Defendants, however, Boxill conducted an investigation of Plaintiff's complaint, which included communications with Plaintiff, Sgt. Latta, and the other detectives present at the search. Sgt. Boxill also reviewed photographs of the evidence that had been seized and she unsuccessfully attempted to gather evidence from Plaintiff to support his allegations. Sgt. Boxill

ultimately concluded that there was no evidence to support Plaintiff's complaint, and she therefore recommended Plaintiff's complaint to be classified as "unfounded" and informed Plaintiff accordingly through a letter dated July 1, 2004.

### B. Procedural History

On January 3, 2005, Plaintiff filed a complaint (the "Complaint"), asserting that his rights were violated by City of Columbus, Sgt. Stan Latta, Franklin County Prosecutor Ron O'Brien, and former Franklin County Assistant Prosecutor Stephanie Gussler. In count one, Plaintiff alleges that Defendants violated his Fourth Amendment right to be free from illegal search of his property. In count two, Plaintiff asserts that Defendants violated his Fourteenth Amendment right to due process. In count three, Plaintiff claims that Defendants committed acts of theft, tampering with evidence, perjury, defamation of character, libel and slander. In count four, Plaintiff claims that Defendants' acts also constitute intentional infliction of severe emotional and financial distress. In count five, Plaintiff alleges that all of these violations resulted from the customs and policies of the City of Columbus, including unreasonable and inadequate training, poor supervision and discipline, permitting, condoning, ratifying and/or encouraging the illegal seizure of citizens' property, the denial of due process, and the negligent or reckless retention of officers. Plaintiff demands judgment against Defendants in the amount of $10,000,000 for compensatory and punitive damages, reasonable attorney fees, and other costs.

Defendants City of Columbus and Det. Latta moved for summary judgment on all of Plaintiff's claims. Defendants Pros. O'Brien and Pros. Gussler also moved for summary judgement on all of Plaintiff's claims. Plaintiff submitted a Response in Opposition addressing both Motions for Summary Judgment. Defendants City of Columbus and Det. Latta replied to

Plaintiff's Response in Opposition.  Both Motions are now ripe for this Court's review.

### III. STANDARD OF REVIEW

**Motion for Summary Judgment**

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the non-moving party lacks evidence to support an essential element of its case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993).  In response, the non-moving party must then present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts."  *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (citations omitted).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The Court also must interpret all reasonable inferences in the non-movant's favor.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  The existence of a mere scintilla of evidence in support of the non-moving party's position, however, will not be sufficient; there must be evidence from which the jury reasonably could find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (finding summary judgment appropriate when

"the record taken as a whole could not lead a rational trier of fact to find for the non-moving party").

## IV. ANALYSIS

Defendants assert that Plaintiff lacks any evidence to support his claims and, therefore, there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law. This Court agrees.

### A. Plaintiff's Federal Claims: 42 U.S. § 1893

42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 creates no substantive law; it merely provides a vehicle by which certain provisions of the Constitution may be judicially enforced. *Felder v. Casey*, 487 U.S. 131, 158 (1988). To establish liability under 42 U.S.C. § 1983, a plaintiff must demonstrate that he was: (1) deprived of a right secured by the Constitution or laws of the United States, and (2) subjected or caused to be subjected to this deprivation by a person acting under color of state law. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978)).

In this case, Plaintiff brings § 1983 claims against all Defendants. Specifically, Plaintiff asserts that Sgt. Latta, the City of Columbus, and Prosecutors O'Brien and Gussler deprived him of his Fourth and Fourteenth Amendment rights.

### 1. City Defendants

#### a. <u>Sergeant Latta</u>

Defendant Sgt. Latta asserts that Plaintiff did not sue him in his personal capacity, but rather in his official capacity, as a sergeant with the Columbus Division of Police. Therefore, Defendants claim, the real party in interest in Plaintiff's § 1983 suit brought against Sgt. Latta is actually the City of Columbus, the government entity for which he works.

An action against a person in his official capacity is the same as an action against the government entity for whom the person works. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Accordingly, the immunities available to a defendant in an official-capacity action are the same as those that the government entity possesses. *Graham*, 473 U.S. at 167. The threshold question for the Court is whether Plaintiff is suing Sgt. Latta in his official or individual capacity. If he is being sued in his official capacity, then the Court will consider the claims to be against the City of Columbus itself.

The Sixth Circuit has explained that plaintiffs seeking damages under § 1983 are required to set forth clearly in their pleadings that they are suing government defendants in their individual capacity for damages, not simply in their capacity as government officials. *Wells v. Brown*, 891 F.2d 591, 592 (1990). The Circuit later explained that *Wells*'s pleading requirements for § 1983 claimants rest on two rationales:

> First, *Wells* was concerned that defendants receive notice of the possibility of individual liability. "It is certainly reasonable to ask that all plaintiffs . . . alert party defendants that they may be individually responsible in damages." Second, *Wells* found that § 1983 claimants must plead capacity for jurisdictional reasons. [The Supreme Court] determined that the Eleventh Amendment creates a jurisdictional bar to suits against states and state employees sued in their official capacities for money damages; Rule 9(a) states in relevant part that "[i]t is not necessary to aver the capacity of a party . . . except to the extent required to show the jurisdiction of the

court." Fed. R. Civ. Pro. 9(a). Accordingly, *Wells* reasoned, "[b]ecause the Eleventh Amendment places a jurisdictional limit on federal courts in civil rights cases against states and state employees, we understand Rule 9(a) to require plaintiffs to properly allege capacity in their complaint."

*Moore v. City of Harriman*, 272 F.3d 769, 772-73 (6th Cir. 2001) (quoting *Wells*, 891 F.2d at 584, 593) (stating that plaintiffs must "clearly notify defendants of the potential for individual liability" through either the pleadings or the subsequent course of proceedings). "Minimum pleading requirements are needed, even for *pro se* plaintiffs . . ." *Wells*, 891 F.2d at 594 (1990). Plaintiff's complaint does not meet this test.

Plaintiff's complaint characterizes Sgt. Latta's conduct in terms of his official capacity. First, in the case caption, Plaintiff names "Sgt. Stan Latta" as one of the four defendants. Second, in the complaint section entitled "Parties," Plaintiff only lists himself and "Defendant City of Columbus [which] is and was at all times . . . the master, employer, and principal of Defendants Police Sergeant and Prosecutor and Assistant Prosecutor."[1] Third, the fact that Sgt. Latta did not raise qualified immunity defenses, available only to government officials sued in their individual capacities, illustrates the lack of notice that Plaintiff's complaint provides. *See Moore*, 272 F.3d at 772 (explaining that in analyzing whether a plaintiff has appropriately stated an individual capacity claim, the court should consider "the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability").

This Court finds that the action against Sgt. Latta is an action against him in his official capacity as a Sergeant with the Columbus Police Department, and therefore, Plaintiff's suit

---

[1] Defendants Pros. O'Brien and Pros. Gussler are not employees of the City of Columbus or the Columbus Division of Police.

against Sgt. Latta is a suit against the City of Columbus itself. As such, Plaintiff's claims against Sgt. Latta will be considered as claims against the City.

### b. City of Columbus

The Supreme Court has held that municipalities are "persons" subject to suit under § 1983. *Monell v. Dep't. of Social Servs. of the City of New York*, 436 U.S. 658, 700-01 (1978). Municipalities cannot, however, be held liable under a theory of *respondeat superior*. *Id.* at 691. Municipal entities can be held liable under 42 U.S.C. § 1983 for the conduct of employees only where the alleged constitutional violation is caused by the entity's official policy. *Id.* at 694. Further, in order to demonstrate liability, a plaintiff must show that the official policy in question is the "moving force" behind the constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (citing *Monell*, 436 U.S. at 694). Therefore, unless an official policy-maker is involved in the underlying constitutional violation, the existence of an official policy or custom cannot be demonstrated by the occurrence of the alleged constitutional violation itself. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

The Sixth Circuit has stated that to satisfy the *Monell* requirements, a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir.1987) (adopting the test articulated in *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.1984) (en banc), cert. denied, 472 U.S. 1016 (1985). In other words, "a plaintiff must show that [a] municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Gregory v. Shelby County* 220 F.3d 433, 442 (6th Cir. 2000) (quoting *Bd. of Cty. Comm'rs of Bryan Cty.*

*v. Brown,* 520 U.S. 397, 405 (1997)).

Plaintiff claims that his alleged constitutional violations were "proximately caused by certain customs and policies of the Defendant City of Columbus," but he does not point to any polices or customs of the City. Plaintiff asserts that Sergeant Boxill of the Internal Affairs Department of the Columbus Police failed to investigate Plaintiff's complaint regarding the alleged illegal seizure and subsequent destruction of evidence taken from his home on August 27, 2002. In addition, Plaintiff claims that the City of Columbus failed to adequately train, supervise, and discipline its employees, and continues to ratify or encourage the illegal search of citizens' property.[2] Apart from making vague assertions that his alleged injuries were caused by the City's policy, Plaintiff has not offered any concrete evidence to identify any policy or custom of the city, let alone evidence to show that he incurred any injury because of the execution of the City's policies or customs.

In response to Defendant's presentation of evidence in support of the City and Sgt. Latta's Motion for Summary Judgment, Plaintiff merely replies that Defendants are "wrongly under the impression that [Plaintiff] is under some kind of obligation to provide them with proof" of his claims. Plaintiff's assertion that he is not required to provide proof in response to the City's and Sgt. Latta's Motion for Summary Judgement is mistaken. As the Court in *Moore* noted:

---

[2] Plaintiff also claims that the City negligently retained Sgt. Latta and Prosecutors O'Brien and Gussler. As stated earlier, Pros. O'Brien and Pros. Gussler are not employees of the City, thus Plaintiff's assertion is only applicable with respect to Sgt. Latta. Because negligent retention is an issue of state law, and not one of federal constitutional law to which § 1983 applies, Plaintiff's negligent retention claim is analyzed below along with the other state law claims made by Plaintiff.

> The party moving for summary judgment bears the initial burden and need not support its motion with affidavits or other materials " negating " the opponent's claim. Rather, "the burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the nonmoving party then must go beyond the pleadings and by affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Thus, the nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. It must present significant probative evidence in support of its complaint to defeat the motion for summary judgment.

*Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

(1) *Failure to Train, Supervise, and Discipline*

The inadequacy of police training and supervision may serve as the basis for § 1983 liability only where the failure to train or supervise amounts to deliberate indifference to the rights of persons with whom the police come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Ellis ex rel. Pendergrass v. Cleveland Mun. School Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). Only where a city's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its residents can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983. *Id.* at 389. The same "deliberate indifference" standard applies to a "failure to discipline" claim. *Berry v. City of Detroit*, 25 F.3d 1342, 1354 (6th Cir. 1994).

Plaintiff offers no evidence to show that the City has a custom of failing to train or discipline officers, or to show that the City is deliberately indifferent to its inhabitants' rights. Defendants, on the other hand, have shown that Columbus police officers participate and graduate from a six-month training academy that covers all relevant aspects of policing, including searches and seizures. Upon graduation from the Academy, all Columbus police

officers serve in a Field Training program, during which they are assigned to work with and observe an experienced officer before receiving their initial assignments. In addition to the basic training and observation period, officers also receive regular in-service training on pertinent policing issues. Plaintiff's conclusory allegation of failure to train, therefore, provides no support for liability.

### (2) *Failure to Investigate and Ratification of Illegal Seizure*

Plaintiffs seek to establish the City's municipal liability by asserting a claim that the City, specifically Sergeant Chanty Boxill ("Sgt. Boxill") failed to respond properly to Plaintiff's complaint, and therefore ratified the alleged illegal seizure of his property. Generally, a subsequent failure to conduct a meaningful investigation is not legally the "moving force" behind an alleged constitutional violation. *Daniels v. City of Columbus*, 2002 WL 484622, *5 (S.D. Ohio Feb. 20, 2002) (citing *Tompkins v. Frost*, 655 F. Supp. 468, 472 (E.D. Mich.1987) ("wrongful conduct after an injury cannot be the proximate cause of the same injury"); see also *Fox v. VanOosterum*, 987 F. Supp. 597, 604 (W.D. Mich.1997) (explaining that the argument that a decision not to investigate, made after alleged violation took place, somehow caused that violation, defies logic). "[I]n some cases, the municipality may be held liable when its failure to conduct an investigation or discipline the accused rises to the level of a policy of acquiescence that in itself was the 'moving force.'" *See Daniels*, 2002 WL 484622, at *5. Even so, a "municipal policy or custom is shown by ratification only where the city's failure to investigate and discipline the alleged misconduct supports an inference that the city approves of or tolerates the misconduct." *See Murphy v. City of Reynoldsburg,* 1991 WL 150938 (Ohio Ct. App. Aug. 8, 1991). Where a municipality "fully investigates allegations of misconduct and in good faith

determines that no misconduct occurred or that no discipline was warranted, there can be no reasonable inference that the municipality tolerates the alleged misconduct." *Id.* at \*12; *see also, Dorsey v. City of Detroit,* 858 F.2d 338, 345 (6th Cir. 1988).

In this case, the Court finds that there can be no serious contention that the City ratified the alleged misconduct of Sgt. Latta by failing to investigate Plaintiff's complaint. After Plaintiff filed an official complaint in January 2004, Officer Boxill conducted a thorough investigation, which included communications with Plaintiff, Sgt. Latta, and the other detectives involved in the search. In addition, Sgt. Boxill reviewed photographs of the evidence that had been seized and she attempted to gather supporting evidence from Plaintiff. Ultimately, Sgt. Boxill concluded that there was no evidence to support Plaintiff's complaint, and she informed him of such finding. Plaintiff offers no evidence to show that because Sgt. Boxill determined Plaintiff's claim to be "unfounded" the City of Columbus ratified the alleged constitutional violations committed by its employees. In fact, Plaintiff admits that he had marijuana in his apartment and that he has no evidence that Sgt. Latta "planted" more marijuana in Plaintiff's home or took Plaintiff's W-2 forms during the search:

> Q. What evidence do you have that . . . Latta planted evidence of marijuana in your residence?
>
> A. I really don't. It's just basically an allegation.
> . . . .
>
> Q. [Y]ou don't have any evidence that . . . Latta took your tax papers?
>
> A. No.

*See* Young Dep. at 56:5-19, 87:12-17.

Hence, the most Plaintiff could establish is that Sgt. Boxill reached the wrong conclusion.

-14-

As a matter of law, however, such a conclusory argument fails to rise to the level of deliberate indifference necessary to show an unlawful policy or custom for purposes of § 1983.

Because Plaintiff has failed to offer any evidence to support his conclusory allegations that the City of Columbus deprived him of his constitutional rights, and in fact readily admits that he lacks evidence to support his case, Defendant City of Columbus and Sgt. Latta's Motion for Summary Judgement is **GRANTED**.

### 2. County Defendants

Plaintiff also brings a § 1983 action against Prosecutors O'Brien and Gussler claiming that Pros. Gussler, acting on behalf of Pros. O'Brien, initiated the civil forfeiture hearing without notifying Plaintiff, falsely claimed that she notified Plaintiff, and "fabricated evidence to have Plaintiff perceived as a drug dealer in order to proclaim that Plaintiff had purchased the property in question with proceeds from drug dealing . . ." Like Sgt. Latta, County Defendants Pros. O'Brien and Pros. Gussler assert that Plaintiff did not name them in their individual capacities, but rather named them in their official capacities, thereby essentially suing Franklin County, their government employer.

Plaintiff's complaint characterizes his action against Pros. O'Brien and Pros. Gussler as an official capacity action. First, other than naming Pros. O'Brien in the caption and stating that Pros. Gussler acted on his behalf, Plaintiff does not mention any involvement by Pros. O'Brien. Second, the fact that Plaintiff names Pros. O'Brien because Pros. Gussler was acting on his behalf, illustrates that Plaintiff intended to sue both Pros. O'Brien and Pros. Gussler in their official capacities–i.e., Plaintiff is bringing action against the subordinate and her supervisor for alleged constitutional violations. Third, in the complaint section entitled "Parties," Plaintiff only

lists himself and "Defendant City of Columbus [which] is and was at all times . . . the master, employer, and principal of Defendants Police Sergeant and Prosecutor and Assistant Prosecutor." In an official capacity suit, the plaintiff looks to the government entity for which the agents were employed in order to recover a damages judgement. This is exactly what Plaintiff is attempting to do by naming the City of Columbus as the "master" of Pros. O'Brien and Pros. Gussler. Plaintiff, however, incorrectly believed Pros. O'Brien and Pros. Gussler to be employed by the City of Columbus, and failed to state the real party in interest for this official capacity suit, Franklin County. Finally, County Defendants state that Plaintiff has not even served his complaint on Pros. Gussler, showing that he did not intend to sue her in her individual capacity, but rather through the government entity for which she works, though Plaintiff mistakenly believed it to be the City of Columbus. Because Plaintiff named Pros. O'Brien and Pros. Gussler in their official capacities, the suit is essentially against Franklin County who has not been named as a party.

Even if Franklin County had been named, Plaintiff would fail to meet *Monell*'s requirement that the alleged constitutional violation be caused by the municipality's official policy. *Monell*, 436 U.S. at 694. Plaintiff's complaint does not even allege that any of his injuries were caused by a policy of Franklin County; he only alleges that his injuries were proximately caused by customs and polies of the City of Columbus. Further, Plaintiff testified that he did not have any evidence of a policy, practice, custom, or procedure of the Franklin County Prosecutors' Office that caused any of the harm alleged in his complaint. The only allegation Plaintiff makes with respect to the County Defendants, specifically Pros. Gussler, is that she filed a petition for forfeiture without providing Plaintiff notice. Plaintiff admits,

however, that this assertion is mere speculation as he made no efforts to verify whether or not County Defendants attempted to contact him during the forfeiture hearing. Defendants, on the other hand, point to Judge Reece's Entry of Default, ordering the property forfeited, which states that proper notice had been given according to the law, but that the respondent, Plaintiff herein, failed to plead in the matter.

County Defendants have met their burden under Rule 56 by showing that Plaintiff lacks evidence to support the elements of his case. Plaintiff's "conclusory allegations in a verified complaint are insufficient to withstand a motion for summary judgment." *Hamilton v. Roberts*, 165 F.3d 27, 17 (6th Cir. 1998). Therefore, County Defendants' Motion for Summary Judgment is **GRANTED**.

### B. Plaintiff's State Law Claims

Plaintiff also claims Defendants committed "theft, tampering with evidence, perjury, defamation of character, libel, and slander" and "intentional infliction of severe emotional and financial distress." In addition, Plaintiff alleges that the City negligently retained Sgt. Latta as an employee. This Court has granted Defendants' Motions for Summary Judgment on Plaintiffs' federal claims, and declines to exercise supplemental jurisdiction over the remaining state law claims.

It is well settled that a district court may decline to exercise supplemental jurisdiction over state law claims once it has dismissed all claims over which it possessed original jurisdiction. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir.1997). Indeed, the Sixth Circuit has recognized that if all federal claims are dismissed before trial, remaining state claims generally should be dismissed. *Id.; Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287

(6th Cir.1992). Therefore, pursuant to 28 U.S.C. § 1367(c)(3) and (d), this Court dismisses Plaintiff's state law claims against Defendants without prejudice.³

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the City's and Sgt. Latta's Motion for Summary Judgment and **GRANTS** Defendants Pros. O'Brien's and Pros. Gussler's Motion for Summary Judgment. Plaintiff's state law claims are hereby dismissed without prejudice.

**IT IS SO ORDERED.**

                                        s/Algenon L. Marbley
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED: January 9, 2007**

---

³ This Court also notes that theft, tampering with evidence, and perjury are all criminal offenses and, therefore, Plaintiff fails to state a claim for which relief can be granted through civil suit. *See Simpson v. Columbus S. Power Co.*, No. C2-02-1080, 2003 WL 21799897, at *3 (S.D. Ohio July 15, 2003) ("Because Ohio law does not recognize a civil cause of action for perjury, Plaintiff's claim fails as a matter of law.") (citing *Costell v. Toledo Hosp.*, 38 Ohio St. 3d 221, 223-24 (1988)); *Lewallen et al., v. Mentor Lagoons, Inc.*, 619 N.E.2d 98, 101 (Ohio Ct. App. 1993) (stating that defendant confused a criminal statue with a civil cause of action when he asserted theft offense against plaintiff). To the extent this Court may construe the claims to assert civil actions, such as conversion or spoliation, it declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) and (d).